PEOPLE OF THE TERRITORY OF GUAM, Plaintiff

v.

IGNACIO T. SAHAGON, Defendant

Criminal No. 456-76

Superior Court of Guam

October 28, 1976

ABBATE, *Judge*

### DECISION

The Prosecution opposes the Defendant's Motion filed 12 October, 1976, to dismiss charge one of the information for failure to properly charge Defendant, in violation of the 6th Amendment to the United States Constitution and Rule 7(c) of Guam's Rules of Criminal Procedure.

We agree with Defendant that the Legislature never intended a general Rule of Law that mere possession of a

360

"wild animal" (which could be a dog or cat or even a deer) would be illegal. We reject the Prosecutor's argument based upon Witkin, California Criminal Procedure, pg. 190, because the converse of that rule, pg. 191, is more applicable here. ". . . where the exception is a part of the statutory definition or description of the crime, one of the elements to be pleaded is the nonexistence of the facts giving rise to the exception." A logical analysis of traditional Chamorro culture in this Territory makes it clear that Section 12315 of the Government Code, of itself, cannot possibly define an offense in unconditional terms. Therefore, exceptions to Section 12315, whether couched in negative or positive language, must exist. Without implementing regulations promulgated, under Section 12321 in accordance with procedure set forth in Section 12007, to give active meaning to said Section 12315, Defendant's 6th Amendment right is violated by being charged thereunder.

Had regulations been promulgated the Prosecution would be under an obligation to: (1) give the official citation of the rule which Defendant allegedly violated; (2) state the specific nature of the alleged crime; (3) plead to nonexistence of facts giving rise to any exception which nullify the illegality of Defendant's acts. But where no regulations have been promulgated, Section 12315 alone cannot be used to criminally accuse Defendant because Defendant does not know with clarity what wrongful act he is accused of doing.

It is not Defendant's obligation to research the existence or nonexistence of a regulation which might apply. Yet an information lacking specificity negates the Defendant's ability to prepare a defense. The government is obligated to provide an accused with a ". . . plain, concise and definite written statement of the essential facts constituting the offense charged". (Rule 7(c)). The Prosecution has not

carried its burden as count one of this information does not comply with the law.

Defendant's motion to dismiss count one is hereby granted.

Submit order.